PER CURIAM.
Gerald R. Shurman, an inmate in the Florida correctional system, petitions for a writ of certiorari to review an order denying his petition for writ of habeas corpus. Petitioner was convicted of racketeering for using the professional engineering license number and seal of another, an offense continuing in nature from April 1, 1988 through February 2, 1997. By his habeas petition below, Shurman asserted that an award of emergency and administrative gain-time credit was wrongfully denied to him by the Department of Corrections. Because we conclude that the trial court’s order constituted a departure from the essential requirements of law, we grant the petition, vacate the order, and remand for further proceedings.
In Gomez v. Singletary, 733 So.2d 499 (Fla.1998), the supreme court held that Florida inmates were entitled to credits awarded to alleviate overcrowding which were available at the time of their respective offenses. The trial court in the case at bar erroneously determined that applicable date for determining credit is the date an inmate is received into custody of the state prison system. As explained in Gomez, the relevant date is the date on which the underlying offenses were committed. Id. at 507. In those cases which a continuing offense is charged, the statute in effect on the date the criminal activity ceased is controlling. See Bergelson v. Singletary, 721 So.2d 1194 (Fla. 1st DCA 1998).
Accordingly, because the lower court denied the petition upon an erroneous application of Gomez, it departed from the essential requirements of law. We therefore grant the petition for writ of certiorari, vacate the order denying the petition for habeas relief, and remand for further proceedings on the question of whether petitioner is entitled to an award of credit against his sentence pursuant to the statutory law in effect on February 3, 1997.
Petition GRANTED, the order of the lower court is VACATED, and the cause is REMANDED.
ERVIN, VAN NORTWICK and BROWNING, JJ., concur.